# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Mark Eric Lawlor

### Case No. FE-2009-304
### Indictment: Capital Murder (Two Counts)

By Judge Jonathan C. Thacher

## January 11, 2012

By motion filed with this Court December 28, 2011, entitled, Amended Motion to Supplement the Record with Audio Recordings, Mark Lawlor, by counsel, seeks to require the court reporting firm Rudiger, Green, & Kerns Reporting Service or, alternatively, the Fairfax County Circuit Court, to make copies of certain relevant audio recordings of proceedings in the above styled matter. After careful consideration of the motion, the Court denies the Defendant's Amended Motion to Supplement the Record with Audio Recordings because it lacks jurisdictional power to do so. This Court does not read Rule 5:12 as modifying or superseding the express terms of Rule 5:11(d), which pertinently states:

> If anything material to any party is omitted from or misstated in the transcript or if the transcript or any portion thereof is untimely filed, by omission, clerical error, or accident, the filing may be supplemented, corrected, or modified *at any time within 70 days from the entry of judgment appealed from.*

Emphasis added.

Mr. Lawlor's motion coming after the proscribed 70 days and the motion constituting a request to supplement the record already forwarded to the Supreme Court of Virginia in this matter, this Court does not have jurisdiction to act on the motion.

The Court is careful to note that its ruling today does not exhaust Mr. Lawlor of obtaining requested relief. Pursuant to a subsequent provision of Rule 5:11(d), the Supreme Court of Virginia has reserved for itself the

authority to effect supplementation of the trial record after the 70 day period has elapsed:

> Thereafter, such supplementation, correction, or modification may be made by order of this Court sua sponte or upon motion of any party if at least two Justices of this Court concur in a finding that any such supplementation, correction, or modification is warranted by a showing of good cause sufficient to excuse the deficiency.

In essence, Mr. Lawlor requests the Court to short circuit the record supplementation procedure plainly established by the Supreme Court of Virginia. By its ruling today, it declines to do so.

## Conclusion

Because Mr. Lawlor's Amended Motion to Supplement the Record with Audio Recordings comes after the 70 day time period proscribed by Rule 5:11(d) and because the Court does not read Rule 5:12 to invalidate, supersede, or otherwise modify Rule 5:11(d) such that this Court would retain jurisdictional authority to grant the requested relief, Mr. Lawlor's motion is denied.

January 12, 2012

## Order

This matter came to be heard on Defendant Mark E. Lawlor's December 28, 2011, Amended Motion to Supplement the Record with Audio Recordings filed by Meghan Shapiro and Thomas Walsh, counsel for the Defendant. The Defendant stands convicted of the felony of capital murder (two counts). It appearing that a previous motion to supplement the record came to be heard on the Defendant's Notice of Motion for Correction of Transcript, which motion the Court, after hearing argument, denied pursuant to Rule 5:11(d), and it further appearing that the Defendant's instant Amended Motion to Supplement the Record with Audio Recordings should also be denied pursuant to Rule 5:11(d), it is ordered, adjudged, and decreed that Defendant's Amended Motion to Supplement the Record with Audio Recordings is denied.